IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No.: 3:07-cr-80-WHA |
| ) | |
| ALEXIS RAMON HERRERA-FLORES ) | |

MOTION TO WITHDRAW GUILTY PLEA

**COMES NOW** the defendant, **ALEXIS HERRERA-FLORES**, by and through undersigned counsel, and respectfully moves the Court for an Order granting this Motion to Withdraw Guilty Plea pursuant to Federal Rules of Criminal Procedure 11(d)(2)(b). In support of this Motion, Mr. Herrera-Flores would show the following:

1.	In the plea agreement entered in this matter, the parties agreed to "a sentence of time served, or a sentence at the bottom end of the applicable advisory range of the United States Sentencing Guidelines, as calculated by the Court, whichever is greater." (Doc. 41, p. 2, paragraph 2.)

2.	At his change of plea hearing on April 18, 2008, the Court advised Mr. Herrera-Flores that the maximum penalty he was facing for a violation of 8 U.S.C. §1326 was a sentence of not more than 10 years, a fine of not more than $250,000, up to 3 years supervised release, and a special assessment fee of $100.00.

3.	Prior to his plea, undersigned counsel, after conferring with the Assistant U.S. Attorney, advised Mr. Herrera-Flores that he would be sentenced to **time served**, based on

1

(a) the fact that Mr. Herrera-Flores had already been in federal custody on this charge for over one year and (b) the fact that Mr. Herrera-Flores' sentencing guidelines range would not be greater than 12 months, because the base offense level under the sentencing guidelines for a person convicted of this violation is 8, Mr. Herrera-Flores would receive a reduction for acceptance of responsibility, and the low end of the highest sentencing range for any person facing sentencing on an offense level of 6 is 12 months.

4. However, the draft presentence report prepared in this matter proposes an offense level of 21 and a sentencing guideline range of 77 to 96. The presentence report claims that the larceny conviction in Michigan received by Mr. Herrera-Flores in 2000, which was alleged in the indictment, is a "crime of violence" which requires an additional sixteen level increase in the sentencing guidelines offense level.

5. Mr. Herrera-Flores does not speak English; all communication with Mr. Herrera-Flores by the Court and all counsel has been made through an interpreter.

6. Mr. Herrera-Flores has a history of mental health problems. As noted in the draft presentence report, following his March 2007 arrest on the instant charge, he underwent a mental health evaluation at the FDC Miami, which resulted in a finding of active psychosis and the recommendation that he be found incompetent to stand trial. On October 26, 2007, he was committed to the custody of the Attorney General, to be hospitalized for treatment and assistance in attaining the capacity to proceed to trial. (Doc. 25.) Following his treatment treatment at FMC Butner, he again demonstrated behavior consistent with psychosis, but was

ultimately persuaded to begin taking a course of Risperdal, an antipsychotic medicine. His condition improved and he was found competent to proceed to trial. However, the FMC Butner report noted that this finding could change if Mr. Herrera-Flores did not take his medication.

7. Generally, the decision to permit the withdrawal of a guilty plea is committed to the sound discretion of the district court. *See United States v. Buckles*, 843 F.2d 469, 471 (11th Cir.1988), *cert. denied*, 490 U.S. 1099 (1989). Pursuant to Rule 11(d)(2)(B), F.R. Cr.P., Mr. Herrera-Flores can withdraw his plea of guilty before sentencing if he can show a fair and just reason for requesting the withdrawal. *See United States v. Siegel*, 102 F.3d 477, 481 (11th Cir, 1996).

8. A plea of guilty may be withdrawn if the defendant demonstrates that the interests of justice and fairness so require. Inaccurate advice of the likely sentence is not harmless error under Rule 11(h) and requires that the defendant be permitted to plead anew. *See United States v. Hourihan*, 936 F.2d 508, 510-11 (11th Cir.1991); *United States v. Cobia*, 41 F.3d 1473 (11th Cir.1995) (before a defendant is sentenced he must be notified of mandatory minimum and maximum possible penalties pursuant to Rule 11(c)(1)).

9. Because Mr. Herrera-Flores entered his plea of guilty without the understanding that he was potentially subject to a minimum sentence of not less than 6 years and 5 months, his plea was neither knowing or voluntary. *See United States v. Siegel*, 102 F.3d 477, 481 (11th Cir, 1996). Additionally, because of Mr. Herrera-Flores' long history of

mental illness, it is in the interest of justice, fairness and judicial economy to allow him the opportunity to withdraw his plea and be informed of the potential penalties that he may incur. These efforts to assure a knowing and intelligent guilty plea, will potentially eliminate future appellate review of this issue.

**WHEREFORE**, for the foregoing reasons, Mr. Herrera-Flores asserts he has shown a fair and just reason for requesting the withdrawal, and respectfully requests that this Court grant his Motion and allow him to withdraw his guilty plea.

Respectfully submitted,

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Alexis Herrera-Flores
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Nathan Stump, Esquire, Assistant United States Attorney.

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Alexis Herrera-Flores

Federal Defenders  
Middle District of Alabama  
201 Monroe Street, Suite 407  
Montgomery, AL 36104  
TEL: (334) 834-2099  
FAX: (334) 834-0353  
E-Mail: Christine_Freeman@fd.org