IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No.: 3:07-cr-80-WHA |
| ) | |
| ALEXIS RAMON HERRERA-FLORES ) | |

### NOTICE OF EXPERT EVIDENCE OF A MENTAL CONDITION

The Defendant, **ALEX RAMON HERRERA-FLORES**, by and through undersigned counsel, John Keller, respectfully notifies this Court that notice has been provided to the attorney for the government of the Defendant's intent to introduce expert evidence relating to a mental condition of the Defendant bearing on the issue of guilt. See attached letter and attachments informing the attorney for the government of this intention.

Dated this 22nd day of August, 2008.

Respectfully submitted,

s/ John Keller
JOHN KELLER
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: john_keller@fd.org
IL Bar Code: 6293104

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No.: 3:07-cr-80-WHA |
| ) | |
| **ALEXIS RAMON HERRERA-FLORES** ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on August 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nathan D. Stump, Esquire
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104

                Respectfully submitted,

                s/ John Keller
                JOHN KELLER
                Assistant Federal Defender
                201 Monroe Street, Suite 407
                Montgomery, Alabama 36104
                Phone: (334) 834-2099
                Fax: (334) 834-0353
                E-mail: john_keller@fd.org
                IL Bar Code: 6293104

# FEDERAL DEFENDERS
## MIDDLE DISTRICT OF ALABAMA
### FEDERAL DEFENDER PROGRAM, INC.
### 201 MONROE STREET, SUITE 407
### MONTGOMERY, AL 36104
TELEPHONE (334) 834-2099
FACSIMILE (334) 834-0353
Website: www.almfd.org

CHRISTINE A. FREEMAN
Executive Director

August 22, 2008

Nathan Stump, Esquire
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104

Re:   USA v. Alexis Ramon Herrera-Flores

Dear Mr. Stump:

Pursuant to Federal Rule of Criminal Procedure 12.2(b), the Defendant, Alexis Ramon Herrera-Flores, hereby provides notice through undersigned counsel of his intent to introduce expert evidence relating to his insanity. Please find the list of experts who may provide testimony at Mr. Herrera-Flores' trial attached. Please also find Dr. Luis Rosell's qualifications and initial psychological evaluation attached, pursuant to Federal Rules of Criminal Procedure 16(b)(C)(ii). The government has access to the qualifications and reports of the other experts listed in the attachment, as they are BOP staff. The written summary of Dr. Rosell's testimony required by Rule 16 will be provided to the government after Dr. Rosell's examination of the Defendant for purposes of his insanity defense.

Sincerely,

John Keller
Assistant Federal Defender

JK/lc

## POTENTIAL TESTIFYING EXPERTS

Luis Rosell, Psy.D.
LBR Psychological Consultants
114 E. Monroe St. #109
Mt. Pleasant, IA 52641
319-385-8868

Ralph Newman, M.D.
Staff Psychiatrist
Federal Medical Center
P.O. Box 1600
Butner, NC 27509
919-575-3900

Edward E. Landis III, Ph.D.
Director of Psychology Training
Federal Medical Center
P.O. Box 1600
Butner, NC 27509
919-575-3900

Jorge Luis, Psy.D.
Federal Detention Center
33 N.E. 4th St.
Miami, FL 33132

Ψ **LBR Psychological Consultants**                                *A Clinical and Forensic Practice*
114 E. Monroe St. #109                                              office/fax  319/385-8868
Mt. Pleasant, IA. 52641                                             cellular    319/537-1015

**VITA**
**LUIS BENJAMIN ROSELL**

## EDUCATIONAL EXPERIENCE

| | |
|---|---|
| 8/94-9/98 | Miami Institute of Psychology. APA-Accredited Program<br>Degree: Psy.D. in Clinical Psychology awarded on 11/3/98<br>Dissertation Title: A Case Study of a Heterosexual Pedophile |
| 9/84-5/88 | University of Cincinnati, Cincinnati, OH<br>Degree: MA in Clinical Psychology, 1987<br>Thesis: Test Anxiety, Self-Efficacy, Study Skills, and Academic Achievement |
| 9/80-5/84 | Catholic University of America, Washington DC<br>Major: Psychology    Minor: Philosophy<br>Degree: BA, 1984 |

## PROFESSIONAL EXPERIENCE

| | |
|---|---|
| 4/1/02 –current | **LBR Psychological Consultants** - A clinical practice providing treatment, assessment and testing of adults, children and adolescents. A forensic practice focusing on psychological evaluations in criminal and civil cases. Criminal evaluations include competency to stand trial, to waive Miranda, and diminished capacity issues. Civil cases include consulting in over 160 sexual violent predators cases in seven states. Qualified as an expert in ten states and the commonwealth of Puerto Rico. |
| 10/19/98-4/4/02 | **Sex Offender Treatment Program Director.** Mt. Pleasant Correctional Facility, Mt. Pleasant, IA  The facility is a 900-bed medium security male prison with over 450 sex offenders. Responsibilities included coordinating a staff of 11 Sex Offender Treatment Counselors, a Psychologist (plethysmographer), and Polygrapher. Duties also included program development, classification, treatment, and risk assessment of sex offenders. Responsible for the continual monitoring of the mental health of all offenders including crisis intervention and suicide assessments. Additional duties were policy writing, participation in committees that determine appropriate referrals for civil commitment of sex offenders, advising on the treatment of the female sex offenders at the Mt. Pleasant Women's Unit, psychological interviews of patients at the Mental Health Institute when requested, and conducting ongoing training for the DOC. |
| 7/99 – 8/02 | **Four Oaks STOP Program Consulting Psychologist.** Bertram, IA. 34-bed residential juvenile sex offender program. Duties included assessment and evaluation of juvenile sex offenders, report writing, and quarterly staffings of the clients. |
| 9/3/97-9/1/98 | **Predoctoral Internship:** Crownsville Hospital Center, Crownsville, MD. APA-Accredited Pre-doctoral internship. Rotations covered forensic, neuropsychology and adolescent units. Duties included psychological and comprehensive neuropsychological assessments and report writing, as well as, forensic evaluations and group therapy with mentally ill patients. Training Director: Alcides Pinto, Ph.D. |

Luis Rosell, Psy.D.
2/08/08

| | |
|---|---|
| 9/97-10/98<br>7/91-8/94 | **Group Therapist:** National Institute for the Study, Prevention, and Treatment of Sexual Trauma, formerly the Johns Hopkins clinic. Baltimore, MD. Duties include one group per week with developmentally disabled sex offenders. Supervisor: Fred Berlin, MD. |
| 11/97-10/98 | **Psychologist Associate:** Silver Spring, MD. Individual/Family therapy and full battery assessments of children and adolescents in a private practice (3-5 hours per week). Supervisor: Donna Lentine, Ph.D. |
| 6/96 – 5/97 | **Licensed Mental Health Counselor:** New Village Partial Hospitalization Program, Miami, FL. Provided two daily groups, assessments, treatment plans, aftercare planning for geriatric clients and supervision of unlicensed counselors (24-32 hr/wk). |
| 2/95 – 5/97 | **Group Therapist:** South Florida MDSO Program. Duties included individual and bimonthly group therapy with sex offenders, assessments, and evaluations. Program Director and Supervisor: Brainard Hines, Ph.D. |
| 5/96 – 4/97 | **Student Clinician:** North Shore and Deering Hospitals, Miami, FL. Duties included psychological testing and assessments of disability claims and group therapy for pain patients (10 hrs/wk). Supervisor: Manuel Alvarez, Ph.D. |
| 8/95 – 4/96 | **Psychologist Associate:** Cedars Hospital Professional Building, Office of Pedro Rodriguez, MD. Miami, FL. Duties included caseload of five psychotherapy clients and weekly psychological testing and assessments. Supervisor: Annete Blanchard, Ph.D. |
| 7/92 – 8/94 | **Psychologist Associate:** Correctional Medical Systems, Patuxent Institution, Jessup, MD. Responsible for the 64-bed residential mental health unit of the Division of Corrections. Duties included group and individual therapy, aftercare planning, crisis intervention, suicide evaluations, and psychological testing. |
| 11/92 –8/94 | **Psychometrician:** Contractual Services, Baltimore, MD. Provided bimonthly evaluations for the Maryland Division of Parole and Probation. Duties included administering the Mini-Mult, the Graham-Kendal and Ravens Progressive Matrices. Supervisor: Kenneth Sachs, Ph.D. and Antonio de Munecas, MD. |
| 4/89 - 6/92 | **Psychologist Associate** - Correctional Medical Systems, Maryland Reception Diagnostic Classification Center. Duties included psychological assessments, testing, diagnostic evaluations, classification of inmates, crisis intervention, suicide assessments and weekly individual and group therapy with sex offenders. Supervisor: Wayne Hunt, Ed.D. |
| 11/88 – 4/89 | **Chemical Dependency Counselor:** Greater Baltimore Medical Center Chemical Dependency Unit. Duties included leading two groups per day, completing psychological-social assessments, intakes, and individual therapy. Supervisor: Joseph Lemmon, LCSW. |
| 12/85 – 2/86<br>3/87 – 5/87 | **Psychological Evaluator:** City of Cincinnati Police Department. Member of an assessment team that interviewed and evaluated over 200 police cadets. Evaluation included role play and MMPI analysis. Coordinator: Evangeline Norton, Ph.D. |

Luis Rosell, Psy.D.
2/08/08

| | |
|---|---|
| 2/88 -6/88 | **Sex and Marital Therapist:** Vernon Psychological Center, Cincinnati, OH. Sex and Marital Therapy Practicum, which included a caseload of two couples seen with a co-therapist. Supervisor: Jill Bley, Ph.D. |

## CONTRACTUAL WORK

| | |
|---|---|
| 3/03 – 9/03 | **Substance Abuse Treatment: Men's Issues.** Concensus Panel Member and writer for a Treatment Improvement Protocol (TIP). Sponsored by the Substance Abuse and Mental Health Services Administration (SAMHSA) and Center or Substance Abuse Treatment (CSAT). Bethesda, MD. |
| 4/07 | **US. v. Commonwealth of Puerto Rico** Member of an Spanish-speaking evaluation team that investigated the treatment and management of inpatient juvenile facilities in Puerto Rico. |

## PROFESSIONAL ASSOCIATIONS

American Psychological Association (APA) – Member
Iowa Psychological Association (IPA) – Member
APA – Division 41 Psychology and Law – Member
Association for the Treatment of Sexual Abusers – Clinical Member and Public Policy Representative for Iowa
American Association for Correctional Psychology-Member
Society for Personality Assessment – Member 1995-1998
Iowa Board for the Treatment of Sexual Abusers (IBTSA) – Board Member 1999-2002
Psi Chi –School chapter for the calendar year 1996-1997 – President
Ibero-American Association of Juridical Psychology (USA representative – founded in July, 1993 in Buenos Aires, Argentina).

## CERTIFICATIONS

Psychology License – State of Iowa - #00897  since 6/21/00
                State of Missouri - #2003000317  since 1/8/03
                State of Washington - Temporary Practice Permit  #TY00003845
National Register of Health Service Providers in Psychology - #46122  since 3/3/01
IBTSA  Certified Sex Offender Treatment Provider – II (SOTP-II) - State of Iowa
Licensed Mental Health Counselor – State of Florida, 12/95 – 12/98 (#003849)
Certified Professional Counselor – State of Maryland, 1993 – 1994 (#001311)

## PUBLICATIONS

Book Review:  Sex offenders: Pariahs of the 21st Century?
       Preventing Sexual Violence: How Society Should Cope with Sex Offenders by John Q. La Fond
          William Mitchell Law Review, 32, 1, 2005

- 3 -

Luis Rosell, Psy.D.
2/08/08

**PRESENTATIONS**

9/07   Multi-Track Federal Criminal Defense Seminar: Strategies for Defending Complex Cases
Understanding The Science in Federal Civil Commitment of "Sexually Dangerous Persons
Baltimore, MD.

4/07   Federal Defenders of Wisconsin - Adam Walsh Act: Implementation, Implications and
Challenges - Understanding The Science in Federal Civil Commitment of "Sexually
Dangerous Persons. Presented with Terence Campbell, Ph.D. in Waukesha, WI.

11/05   Mental Health and the Court. Law and Procedure Seminar sponsored by the Federal Public
Defender's Office and the Iowa Association of Criminal Defense Lawyers. Des Moines, IA

10/05   Recent Changes in Evaluations in Chapter 980 Cases – Wisconsin Public Defenders Conference
Milwaukee, WI.

7/05   The Use of Actuarial Instruments and Diagnoses in Sexual Violent Predator Civil Commitment.
Presented as part of a Symposium on the Assessment and Treatment of SVP in the USA.
9th European Congress of Psychology, Granada, Spain.

10/04   Psychological Testing in Child Custody Evaluations. Presented at the annual Family Law Conference
Des Moines, IA.

6/04   Competency Issues - Public Defender Criminal Law Seminar : Des Moines, IA

3/04   Actuarial Instruments in SVP Evaluations: Proceed with Caution. American Psychology-Law Society
Division 41 of the American Psychological Association, Annual Conference. Scottsdale, AZ.

3/02   (1) Etiology, History, Theory and Typology of Sex Offenders, (2) Risk Assessment (3) Criminal
Mind, (4) Paraphilias: Iowa Board for the Treatment of Sexual Abusers, Pre-Service Segment #1,
Cedar Rapids, IA.

5/01   Treatment and Supervision of Sex Offenders  Presented at the Iowa Corrections Association Spring
Conference. Burlington, IA.

5/01   Sex Offender Treatment Program  Presentation on program and sex offender recidivism. Presented at
Clinical Updates in Correctional Health Care-Spring Conference. Las Vegas, NV.

4/01   Conference on Sexual Violence:  Panel presentation to over 30 judges on sex offender treatment in
prison and community.   Des Moines, IA

3/01   (1) Etiology, History, Theory and Typology of Sex Offenders, (2) Risk Assessment (3) Criminal
Mind, (4) Paraphilias: Iowa Board for the Treatment of Sexual Abusers, Pre-Service Segment #1,
Eldora, IA.

11/00   (1) Cognitive Treatment Strategies, (2) Measuring Progress   Iowa Board for the Treatment of Sexual
Abusers, Pre-Service Segment #2, Mt. Pleasant, IA

Luis Rosell, Psy.D.
2/08/08

| | |
|---|---|
| 7/00 | Burnout in Helping Professions: A program on Vicarious Traumatization   Member of a panel of professionals who spoke on their experiences with coping with difficult populations, Iowa City, IA. |
| 4/00 | (1) Etiology, History, Theory and Typology of Sex Offenders, (2) Risk Assessment, (3) Criminal Mind: Iowa Board for the Treatment of Sexual Abusers, Pre-Service Segment #1, Waterloo, IA. |
| 1999/ 2000 | Mental Health Issues in Corrections. Department of Corrections Training Academy: Trained new staff regarding psychiatric diagnoses, behavior, dangerousness and suicide within a prison setting. |
| 8/99 | Sex Offender Treatment Program in the Iowa Department of Corrections. Presentation to the Legislative Fiscal Bureau. Clarinda, IA. |
| 5/99 | (1) History, Theory, Research and Typology, (2) Psychosexual Assessments, (3) Sex Offender Treatment: Iowa Board for the Treatment of Sexual Abusers, Pre-Service Segment #1, Cedar Rapids, IA. |
| 11/98 | Group Therapy Techniques for Sex Offenders: Iowa Board for the Treatment of Sexual Abusers, Pre-Service Segment #2, Ankeny, IA. |
| 2/98 | What You Need to Know to Treat Sex Offenders: Presented at Crownsville Hospital Center as part of their Continuing Education Series, Crownsville, MD. |
| 11/97 | Assessment of Suicidal Risk: As part of a workshop on the Assessment of Dangerousness, Crownsville Hospital Center, Crownsville, MD. |
| 6/96 | Creating a New Sense of Self: Rorschach of a Pedophile: Poster session presented at the Florida Psychological Association Annual Meeting in Palm Beach, FL. |
| 9/95 | Competency Evaluations in the USA & Evaluation of Sex Offenders and the Prediction of Recidivism: Both papers were presented in Spanish at the First Conference of the Ibero-American Association of Juridical Psychology in Santiago, Chile. |
| 7/93 | The Classification and Treatment of Sex Offenders & The Treatment for Schizophrenics in Prison and the Diagnosing of Malingerers: Both papers were presented in Spanish at the 24th Inter-American Society of Psychology, Santiago, Chile and the First International Encounter of Forensic Psychology in Buenos Aires, Argentina. |
| 9/92 | The Classification and Treatment of Sex Offenders: Presented at the Ibero-American Congress of Psychology in Madrid, Spain. |
| 5/92 | Treatment of Hispanics Within Corrections: Presented at a forum: "Recognizing Diversity in Latin American Cultures", Department of Mental Health and Addiction for Anne Arundel County, Crownsville, MD. |

Luis Rosell, Psy.D.
2/08/08

**CONFERENCES/WORKSHOPS ATTENDED**

| | |
|---|---|
| 10/95, 10/97<br>9/99, 11/00<br>11/01, 10/02<br>10/03, 10/04<br>11/05, 9/06<br>10/07 | The Association for the Treatment of Sexual Abusers: Annual international conference focusing on treatment, risk assessment and management of sexual offenders. New Orleans, LA. Arlington, VA., Orlando, FL., San Diego, CA., San Antonio, TX, Montreal, Canada, St. Louis, MO, Albuquerque, NM, Salt Lake City, UT, Chicago, IL. San Diego, CA |
| 2/08 | NACDL Webinar on Adam Walsh Act/SORNA State Implementation. Internet/conference call |
| 10/07 | Multicultural Competency in Forensic Assessments. Bonita Cade, Ph.D.<br>Excusing and the New Excuses. Stephen Morse, J.D., Ph.D. Sponsored by the American Academy of Forensic Psychology. St. Louis, MO. |
| 9/07 | Interrogations & Confessions: A Conference Exploring Current Research, Practice, and Policy El Paso, TX  Conference included but was not limited to the following presentations:<br>*The psychology of false confessions: A review of the current evidence.* Gisli Gudjonnson, Ph.D.<br>*Why innocents confess and why the confessions trump their innocence,* Saul Kassin, Ph.D.<br>*Persuaded false confessions.* Richard Lew, J.D., Ph.D.<br>*Tales from the front: Expert testimony on the psychology of interrogations and confessions* Sol Folero, J.D., Ph.D.<br>*The supreme court on Miranda warnings and interrogations.* Lawrence Wrightsman, Ph.D<br>*Clinical-forensic psychological evaluations in disputed confession cases.* Greg DeClue, Ph.D.<br>*Competency to waive Miranda rights and coereced/false confessions: Common pitfalls in expert Testimony and the use/misuse of normative data.* Bruce Frumkin, Ph.D. |
| 8/07 | Empirically Based Risk Assessment with Juveniles Who Offend Sexually: Development, Validation, and Scoring of the JSORRAT – II Douglas Epperson, Ph.D. Peoria, IL |
| 8/07 | American Psychological Association Annual Convention. Validation of a Bayesian Method For Assessing Sexual Recidivism Risk. Richard Wollert, Ph.D. San Francisco, CA |
| 5/07 | Assessment of Psychopathy: An Overview of the Hare Scales Stephen Hart, Ph.D. Council Bluffs, IA. |
| 1/7 | Advanced Topics in Expert Testimony - The Presentation  Stuart Greenberg, Ph.D. and Randy Otto, Ph.D. Sponsored by the American Academy of Forensic Psychology. San Diego, CA |
| 9/06 | Sex Offender Commitment Defense Association: 2006 Conference<br>Using research in trials to address age and recidivism risk – Howard Barbaree, Ph.D.<br>Reducing risk for older offenders at trial - Richard Wollert, Ph.D.<br>Trial use of actuarials to extrapolate recidivism risk for psychopathy - Steven Hart, Ph.D.<br>Cross-examination strategies addressing actuarial instruments – Terence Campbell, Ph.D.<br>Deconstructing the Static-99 at trial – Michael Aye<br>Excluding risk beyond five years at trial – Steve Addington |

Luis Rosell, Psy.D.
2/08/08

| | |
|---|---|
| 8/08 | <u>Static-99: Evidence Based Sex Offender Assessment Training</u>. Sponsored by the Central Illinois Sex Offender Management Network in Peoria, IL. Presented by Andrew Harris, Ph.D. |
| 3/06 | <u>Clinical Advances in Assessing Pretrial Competencies</u> Richard Rogers, Ph.D. ABPP APLS co-sponsored one-day workshop with Society of Clinical Psychology. |
| 4/05 | <u>The New, the Old, and the Inaccurate (Arguments) in Sex Offender Risk Assessments</u> One day workshop by Dennis Doren, Ph.D. at the Ninth Annual Conference of the Minnesota Association For the Treatment of Sexual Abusers: Brooklyn Park, MN. |
| 3/05 | <u>Handling Cross-Examination: Maintaining Credibility, Handling Attacks and Answering the Critics</u>. Diane Follinsgstead, Ph.D. La Jolla, CA. Sponsored by the American Academy of Forensic Psychology |
| 9/04 | <u>Child Custody Evaluations – An Advanced Seminar</u> Jonathan Gould, Ph.D. Madison, WI |
| 8/04 | <u>Sex Offender Risk Assessment Training</u> – Presented by Stephen Hart, Ph.D. Chicago, IL. |
| 6/04 | <u>National Conference on Children and the Law: Lawyers and Psychologist Working Together</u> American Psychological Association and American Bar Association. Washington D.C. |
| 3/04, 3/05, 3/06 | <u>American Psychology-Law Society</u> Division 41 of the American Psychological Association, Annual Conference. Scottsdale, AZ, La Jolla, CA., St. Petersburg, FL. |
| 9/03 | <u>Psycho-legal Issues in Criminal Cases</u> by Chritopher Slobogin, J.D. <u>Sex Offender Evaluations: Risk Assessment and Risk Management</u> by Linda Berberoglu, Ph.D. <u>Preparing for the ABPP Board Certification in Forensic Psychology</u> by Robert Meyer, Ph.D. Cincinnati, OH. |
| 6/03 | <u>Risk Assessment of the Mentally Ill Individual</u> and <u>Legal and Ethical Issues in Mental Health:</u> Two day workshop by Phillip Resnick, M.D. Minneapolis, MN. |
| 6/03 | <u>Testifying in Court: Survival Skills for Professionals</u>: Two day workshop by Stanley Brodsky, Ph.D. Minneapolis, MN. |
| 4/02 | <u>Advanced Intensive Workshop in Forensic Psychology</u>: Sponsored by the American Academy of Forensic Psychology. Topics included Expert Witness Liability and Immunity, Violence and Sex Offender Risk Assessment; Juvenile Civil and Criminal Issues; Personal Injury; Employment Discrimination, Sexual Harassment, ADA issues, Miranda Waivers, Mens Rea and Capital Cases. Presenters were all Diplomates of the American Board of Professional Psychology-Forensic. Atlanta, GA. |
| 4/02 | <u>Iowa Psychological Association Spring Conference:</u> Topics included a lawyer's view of psychologists as expert witnesses, preventing violence in our communities, and the effect of video games on aggressive behavior. |
| 3/01 | <u>Sex Offender Treatment Skills for the Corrections Professional Distance Learning</u> National Institute of Corrections. Broadcast from Los Angeles, CA. Viewed in Mt. Pleasant, IA. Facilitator for off-air training. |

Luis Rosell, Psy.D.
2/08/08

| | |
|---|---|
| 2/01 | <u>Paraphilic Treatment and Pharmacotherapies</u>  Presenter: Shelley Lurie, Des Moines, IA |
| 9/00 | <u>A Holistic Approach to Treating Sexual Abusers</u>: An Introduction to the Sexual Abuse Cycle, Modified Relapse Prevention and Sexual Abuser Treatment. Two-day seminar presented by Robert Freeman-Longo. Des Moines, IA. |
| 4/00 | <u>Violence Risk and Threat Assessment</u>  Two-day presentation by J. Reid Meloy, Ph.D. Des Moines, Iowa |
| 3/00 | <u>Sex Offender Re-Offense Risk Prediction</u>  The leading sex offender risk assessment instruments were presented by their developers over a three day period. Madison, WI. |
| 3/99 | <u>Third Annual Conference of the Minnesota Chapter of the Association For the Treatment of Sexual Abusers (MnATSA)</u>: The Sexual Abuse in Our Communities: Education, Prevention, and Treatment, Minnetonka, MN. |
| 1/99 | <u>Psychopathy Checklist – Revised Training Workshop</u>: Presented by Robert Hare, Ph.D., and Adele Forth, Ph.D., Philadelphia, PA. |
| 9/97 - 7/98 | <u>Neuropsychology Seminar</u>: Over 70 hours of neuropsychological seminars on a variety of topics, as part of a year long training at Crownsville Hospital Center, Crownsville, MD. Presented by Robin Davidson, Ph.D. and Jeffery Barth, Ph.D. ABPP. |
| 4/98 - 6/98 | <u>Foundations of Forensic Psychology</u>: Seven seminars on specific topics in forensic psychology presented by the staff of Clifton T. Perkins Hospital, Jessup, MD. |
| 2/97 | <u>Rorschach Assessment of Personality Disorders</u>: Presenters: J. Reid Meloy, Ph.D. and Phil Erdberg, Ph.D., Ft. Lauderdale, FL. |
| 4/95 & 4/96 | <u>Ethical, Therapeutic and Legal Issues in Mental Health</u>: Numerous distinguished presenters in the field of psychology and the law, Ft. Lauderdale, FL. |
| 12/95 | <u>The Evolution of Psychotherapy</u>: Las Vegas, NV. |
| 5/94 | <u>Sexual Violent Offender</u>: Two day seminar dealing with sexual violence, investigation of crimes, and profiles of offenders. Presenter: Roy Hazelwood, M.S., retired FBI, Crystal City, VA. |
| 6/93 | <u>Mental Health Corrections Symposium</u>: Kansas City, MO |
| 12/91 | <u>The Psychopathic Personality and Prediction of Violence</u>: Presented by J. Reid Meloy, Ph.D., ABPP. Bethesda, MD. |

**MISCELLANEOUS**
Read, write, and speak Spanish fluently.

| Ψ **LBR Psychological Consultants** | *A Clinical and Forensic Practice* |
|---|---|
| 114 E. Monroe St. #109 | office/fax  319/385-8868 |
| Mt. Pleasant, IA  52641 | cellular    319/537-1015 |

**Luis Rosell, Psy.D.**
**Licensed Psychologist**

## Psychological Evaluation

Name: Ramon Alexis Herrera-Flores
Date of Birth: 6/27/76
Date of Evaluation: 4/7/08
Date of Report: 4/9/08

### Reason for Referral

This examiner was contacted by Federal Defender Christine Freeman in Montgomery, Alabama to conduct a psychological evaluation and determine if Mr. Herrera-Flores is competent to stand trial and competent to plead guilty. As part of the evaluation, the issue of malingering was also considered. The evaluation was conducted at the Montgomery City Jail in Montgomery, Alabama. The evaluation was conducted in Spanish without an interpreter.

### Records Reviewed:

- Competency Evaluation – Jorge Luis, Psy.D, Federal Detention Center-Miami, FL - 6/27/07
- Competency Evaluation – Randy Newman, M.D. and Rhett Landis, Ph.D. Federal Medical Center - Butner, NC – 2/29/08
- U.S. Immigration and Customs Enforcement records (Flores 0-400).

### Tests Administered

- Evaluation of Competency To Stand Trial-Revised
- Competence Assessment for Standing Trial for Defendants with Mental Retardation (CAST-MR)
- Miller Forensic Assessment of Symptoms Test (M-FAST)
- Structured Interview of Reported Systems. (SIRS).
- Minnesota Multiphasic Personality Inventory-2 (MMPI-2)

Alexis Ramon Herrera-Flores
2

*The MMPI-2 was administered in the Spanish version. The other instruments were translated into Spanish by the examiner. These instruments have not been translated, developed or validated with Spanish speaking populations. However, they are assist the examiner in obtaining information regarding the individual than if they were not utilized.*

### Background Information

Mr. Herrera-Flores was born and raised Tegucigalpa, Honduras. His parents are Juan Ramon and Marta Delia. He was raised with ten siblings, including step-siblings. He was ninth in the birth order. He stated his upbringing was difficult due to physical problems. He had many illnesses as a child. He stated he was born two months premature and may have been hospitalized for a month after birth. He denied any abuse in his childhood and he has a positive relationship with his siblings and parents.

### Educational History

Mr. Herrera-Flores liked school as a child. He went to school for about six grades. He did not attend junior or senior high school. Mr. Herrera-Flores never failed a grade. He is able to read and write Spanish, but has never learned to communicate in English.

### Employment History

He started working at age fifteen. He worked in the fields, seeding corn, feeding cattle, and chopping vegetation with a machete. He also worked in construction. In the United States he has been employed in field and yard work.

### Immigration History

Mr. Herrera-Flores first came to the United States in 1997 with a brother-in-law. He entered through Laredo and was caught and sent back. He retuned to his country for a few months. He attempted to enter through Texas again and was caught at the border and returned. He has entered the US at least ten times and the longest stay was three months. He has worked in Michigan, Houston, and Corpus Christi.

Most recently, he was caught in Opelika, Alabama.. He stated paying a "coyote" to take him to Georgia. Once there he could not find work. He jumped a cargo train and was eventually apprehended in Alabama.

### Social History

Mr. Herrera-Flores started dating when he was fourteen with a twelve year friend.
He has never been married nor has any children.

### Substance Abuse History

Alexis Ramon Herrera-Flores
3

Mr. Herrera-Flores had his first drink at age eighteen. He admits that in the past he has drank regularly and become inebriated. He denies drinking on a daily basis. He denies using any substances.

### Criminal History

Mr. Herrera-Flores' criminal history consists of illegal entries into the US and a Larceny charge. He explained the Larceny occurred when he was homeless and took food from an abandoned house in Michigan. There were not records to confirm this story. He denies any violent or other criminal behavior in either the US or Honduras.

His current offense is illegal entry. He was apprehended in Opelika, AL.

### Medical History

Mr. Herrera-Flores medical history is unremarkable with the exception of a broken arm while playing soccer as a teenager. Although he was born premature, it is not clear if there is any neuropsychological compromise. Since his current detainment he has been prescribed Risperdal at the Federal Correctional Institute-Butner and the Montgomery City Jail. However, ten days ago he stopped taking the medication after meeting with his attorney. He indicated she told him to continue taking the medication, but he felt better and did not feel a need.

### Previous Psychological Evaluations

Mr. Herrera-Flores was evaluated for competency at the Federal Detention Center in Miami, Florida from 5/8/07 through 6/22/08. He was diagnosed with Psychotic Disorder NOS. He was not administered any objective measures of personality and psychiatric functioning due to his deteriorated mental state. Based on subjective clinical impressions, the defendant demonstrated disorganized and delusional thinking. He was highly suspicious of the motive of others. A comprehensive assessment of Mr. Herrera-Flores was not possible given his mental status. He appeared to be in an active state of psychosis and was not able to comport his thinking or behavior to appropriate or meaningful legal behaviors. Therefore, Dr. Luis recommended that Mr. Herrera-Flores be found incompetent to stand trial and submit to a more comprehensive competency evaluation at a more appropriate setting such as a medical facility.

Mr. Herrera-Flores was transferred to the Federal Medical Center-Butner in Butner, NC. A psychiatric and psychological evaluation rendered the diagnosis of Psychotic Disorder NOS. This diagnosis was based on his presentation at the FDC-Miami with disorganized behavior, speech and beliefs that he was scheduled for immediate release. The behavior suggested auditory hallucinations and included talking to himself. While at FMC Butner he was prescribed Risperdal.

Alexis Ramon Herrera-Flores
4

As part of the evaluation, Mr. Herrera-Flores completed the Spanish translation version of the Personality Assessment Inventory. Mr. Herrera-Flores answered "Very True" to all but seven items. Similar profiles may be obtained by those who are either purposefully trying to manipulate the results via careless responding, those who become fatigued during test administration, and/or among confused or disoriented individuals who may be unable to follow directions or track the meaning of items. The interpretation derived from clinical scale elevations were rendered invalid and no further testing was pursued, including measures of malingering.
*During the current evaluation, Mr. Herrera-Flores made the comment that he did not do well the first time he was administered the PAI and that he thinks he took it again. There is no record if this actually occurred.*

Drs. Newman and Landis concluded:

> In answer to the Court's questions, Mr. Herrera-Flores is currently opined to have an accurate understanding of the charges against him. He knows the general proceedings of the courtroom and the roles of courtroom personnel. He is aware that the alleged offense may carry severe penalties including a period of incarceration and likely deportation back to Honduras. He holds no irrational beliefs or delusions about his defense attorney or those prosecuting him. He has persecutory beliefs regarding MS 13, which may or may not have a basis in reality. There was no evidence to suggest his African-American roommate was a member of this El Salvadoran gang. He would be able to attend to courtroom procedures and testify relevantly in his behalf should he choose to do so. He would be able to communicate with his attorney and contribute to his defense if he chose to do so. He has the ability to understand the pleas available to him and how they relate to his case. He plans on relying on his attorney to help him decide on a plea that would be in his best interest. It is our opinion that Mr. Herrera-Flores is not suffering from a mental disease or defect to the extent he is unable to understand the nature and consequences of the charge filed against him or assist an attorney is his own defense. We view him as competent to move forward with his current legal proceedings. This opinion regarding competence could change if he were to have another episode of psychosis. This scenario remains less of a possibility since he has recently agreed to begin treatment with Risperdal.

> Mr. Herrera-Flores is ready to be returned to Court for resolution of his legal situation. His mental status is stable without suicidal or homicidal ideation. He does not require psychiatric or medical follow-up. He is on Risperdal 4 mg per day, which should be continued. If his compliance becomes erratic, Risperdal consta 25 mg IM could be initiated.

### Mental Status

Mr. Herrera-Flores presented as a 30 year-old male with orange jumpsuit and shower shoes. His hygiene was adequate considering his current living conditions. He was pleasant, cooperative, and smiled throughout the evaluation. He was oriented to day, place, month, but not date. Throughout the interview Mr. Herrera-Flores was cuffed on

Alexis Ramon Herrera-Flores
5

his hands and feet. His affect was appropriate and mood was euthymic. His speech was clear and coherent. He reported his sleep was poor due to the noisy conditions of the jail. His appetite is good and there did not appear to be any evidence of difficulties with concentration and focus. He denied hallucinations, delusions, paranoid ideation and suicidal ideation. There was no evidence of a current thought disorder.

When asked during the current evaluation regarding his behavior at the Federal Detention Center-Miami, he stated he was nervous because he was not sure what was going to happen to him. He was upset because they did not tell him how long he was going to be there and he should have been returned to his country.

### Evaluation of Competence to Proceed:

For an individual to be found competent to proceed, they must have a rational and factual understanding of the proceedings against them. In assisting in his defense, a defendant might need to be able to 1) give a rational and coherent account of the offense and actions of those involved, 2) the actions and words of police officers, both before and after the offense, 3) assist counsel in the proceedings, 4) describe the circumstances of his statement, if any, to the police, 5) to describe observations of other police procedures, such as lineup, 6) to be able to recognize and report on distortion in witnesses' statements, either pretrial or during trial, 7) remain alert to the changing landscape of the case and opportunities for settling it, 8) to be able to testify in one's defense and 9) to behave in an appropriate manner in court in general.

### Competency to Stand Trial

In Federal Court, the determination of mental competency to stand trial is based on the reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering them mentally incompetent to the extent that they are unable to understand the nature and consequences of the proceedings against them or to assist properly in their defense.

Mr. Herrera-Flores was administered the Evaluation of Competency to Stand Trial-Revised (ECST-R). This instrument is a semi-structured interview designed to assess the Dusky standard and screen for potential malingering. The ECST-R has three competency scales that correspond to the Dusky prongs: Consult with Counsel, Factual Understanding and Rational Understanding.

*Nature and Object of the Proceedings:*

From the current evaluation, Mr. Herrera-Flores appears aware of the charges against him, how they came about and what the consequences are. He stated he has been accused entering theUnited States illegally. He is aware that this is against he law and that is why he is incarcerated. When asked who was in charge of the court, Mr. Herrera-Flores initially replied, "the judge, he calls the inmates and brings them to court when it is their date. He hears their case and lets them talk to see what he is going to decide to send to

Alexis Ramon Herrera-Flores
6

immigration. When asked who decided if he was guilty, he replied, "the judge does." When asked who decides on his sentence, he answered the judge.

Mr. Herrera-Flores was asked what the role of the jury was and he responded by saying, "they listen and then decide guilty or not guilty."

Mr. Herrera-Flores is aware of the prosecuting attorney and their role. He agreed that his lawyer is on his side, tries to figure out the best strategy for him, and wants the best outcome for him. He mentioned that he was read his rights and that he did not have to talk if he did not want to. Mr. Herrera-Flores was aware that when he was arrested anything he said could have been used against him and he had a right to an attorney. Mr. Herrera-Flores understood the concept of a plea bargain once it was explained as he had not heard the term before. He was able to explain that it was an arrangement where all parties were in agreement.

In summary, with regards to factual understanding; Mr. Herrera-Flores was able to list the criminal charges against him, the consequence of a guilty verdict, the roles of the judge, jury, and attorneys involved in his case. The score on the ECST-R showed no impairment in this area. Regarding rational and factual understanding of the proceedings, Mr. Herrera-Flores does not appear to have difficulty in this area

*Assisting in His Defense:*

Mr. Herrera-Flores knows his attorney's name and met her about eight months ago in court. He believes she is a good person and he has seen her at the jail once. He is aware of her role and he noted, "she told me that she was going to help me by sending me to Immigration so that they will deport me to my country. I want to return there and I promised God and now I want to promise the judge never to return here. I want to return because here I am not free.

Mr. Herrera-Flores believes his attorney expects him to tell her what he wants and that is to go to his country. Mr. Herrera-Flores was asked about areas in which his attorney and he agree. He replied, "Yes, we are in agreement regarding about helping me and letting me be free in his country. She is in agreement with that." Mr. Herrera-Flores was asked a variety of questions about special abilities to communicate with his attorney and he denied any communication other than phone or in person.

Mr. Herrera-Flores denied having any difficulties following trial events or testifying as long as there is an interpreter. Mr. Herrera-Flores was able to voice that he should not talk to the prosecutor without his attorney present. If asked to testify, Mr. Herrera-Flores would talk to his attorney. He denies every having strange or weird experiences in the courtroom and he has always been able to manage his behavior appropriately while in court.

On three competency scales, the rational ability to consult with counsel, the factual understanding of the proceedings, and rational understanding of the proceedings, he

Alexis Ramon Herrera-Flores
7

scored within normal range. He demonstrated an ability to learn and understand areas that he was not sure. With respect to his response style on the ECST-R, Mr. Herrera-Flores demonstrated no defensiveness or over-reporting of questionable symptoms.

Mr. Herrera-Flores was also administered the CAST-MR. This instrument has shown good reliability and validity and was developed for individuals with developmental disabilities and/or mental retardation. Mr. Herrera-Flores is not considered mentally retarded but he does have a limited education. On this instrument, he scored within the range expected and there is no indication that based on this instrument he is not competent.

Mr. Herrera-Flores was also administered the Structured Interview of Reported Systems. (SIRS). The SIRS was developed to assess systematically deliberate distortions in the self-report of symptoms. The SIRS has eight primary scales and five that are designated supplementary. On all scales, Mr. Herrera-Flores placed in the Honest range. These results suggest that he is _not_ malingering or attempting to exaggerate his psychopathology.

The M-FAST is a structured interview designed to provide information regarding the probability than an individual is malingering psychiatric illness. The M-FAST consists of 7 scales. Mr. Herrera-Flores total score was low. This is highly suggestive that he was _not_ malingering mental illness.

The Minnesota Multiphasic Personality Inventory-2 (MMPI-2) provides useful information about many aspects of emotions, behavioral tendencies and personality makeup. Mr. Herrera-Flores was administered the Spanish version of the MMPI-2, the most frequently used test by psychologist for this purpose. It has met the highest standards of scientific validity and reliability and it is routinely accepted by professional psychologists. Mr. Herrera-Flores appeared to have some difficulty in answering the questions. Although provided with ample time to complete the 567 questions, he answered less than 400 questions. Although this is less than optimal, this abbreviated form is acceptable in scoring both clinical and validity scales. In Mr. Herrera-Flores's case it is possible that he may have had difficulty understanding all the questions given his limited education. Overall, his response style was somewhat defensive which is often found in individuals who want to appear as lacking any psychological problems as opposed to exaggerating symptoms. His response style is valid and the overall profile was interpretable. His profile is consistent with individuals who have a history of emotional instability, chronic, intense anger that is controlled, inhibited and masked by needs for approval, closeness and validation prompting them to control and/or deny their angry impulses. These individuals experience paranoia that is diffuse rather than fixed and rational. They may act out when stressed and are sometimes described as manipulative. They are sensitive to demands being placed on them and are often resentful and bitter.

Alexis Ramon Herrera-Flores
8

## Summary:

Mr. Herrera-Flores is a 31 year-old individual with a history of illegal entry into the United States. Records revealed a prior finding of incompetence during this current adjudication. Additional records revealed that he has been prescribed a neuroleptic medication that may have assisted in his restoration to competence while at FCI-Butner. Based on the review of previous evaluations and current evaluation and testing, it is the opinion of this examiner that Mr. Herrera-Flores is capable of understanding the nature and object of the proceedings against him and is able to assist in the preparation of his defense in a rational manner. Moreover, Mr. Herrera-Flores understands the consequences of pleading guilty and the likely deportation to his country. Finally, based on testing and interview, there was no evidence that Mr. Herrera-Flores was fabricating or exaggerating any psychiatric symptomotology during the current evaluation. With regard to his medication regiment, Mr. Herrera-Flores needs continuing monitoring because he may decompensate if he continues to refuse his medication.

Luis Rosell, Psy.D.
Licensed Psychologist    Iowa #00897
National Register of Health Service Providers