IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  3:07cr080-WHA |
| | ) | (WO) |
| ALEXIS RAMON HERRERA-FLORES | ) | |

SPECIAL VERDICT AND ORDER

On April 1, 2009, this case came before the court for trial.  The United States was represented by Assistant United States Attorney Nathan D. Stump, and the Defendant, who was present in person, was represented by his attorney, Assistant Federal Public Defender John D. Keller.

Findings of Fact

Having considered the stipulated facts and exhibits submitted by the parties as to both the offenses charged in the indictment and the defendant's sanity at the time of the offenses, and having observed the defendant in open court, the Court finds that the following facts have been proved beyond a reasonable doubt:

1. The defendant is a native and citizen of Honduras.

2.  The defendant does not have permission to be in the United States, nor has he ever been granted permission to be in the United States.

3.  On August 17, 2005, the defendant was deported from the United States through the State of Arizona.

4.  On or about September 7, 2006, the defendant was found in Lee County, Alabama, in the Middle District of Alabama.

5.  The defendant has a prior felony conviction for Re-entry of a Deported Alien, Case

No. 1:00cr108, in the United States District Court for the Western District of Michigan (entered June 15, 2000).

      6. On September 08, 2006, Mr. Herrera-Flores provided a false name and country of origin to Special Agent Blake Diamond, an employee of U.S. Immigration and Customs Enforcement (ICE), in a matter within the jurisdiction of the executive branch of the Government of the United States.

      The court also finds that the following facts have been proved by clear and convincing evidence:

      1. The defendant suffers from a chronic psychotic mental illness characterized by delusions, hallucinations, and disorganized speech and behavior.

      2. The defendant has a documented history of treatment for this condition in Honduras and the United States with antipsychotic medication.

      3. When his condition is appropriately medicated, the defendant is capable of understanding the nature and object of the proceedings against him and is able to assist in the preparation of his defense in a rational manner.

      4. The defendant is currently taking his prescribed medication and is mentally competent to stand trial.

      5. At the time of the offenses, the defendant was not taking any medication for his condition and was accordingly suffering from the effects of his untreated mental illness. As a result of that severe mental disease, the defendant was unable to appreciate the nature, quality and wrongfulness of his acts.

Conclusions of Law

Based upon the preceding findings of fact, the court makes the following conclusions of law:

1. United States District Court for the Middle District of Alabama has jurisdiction over this criminal matter, and venue is proper in the Eastern Division.

2. The United States has proved beyond a reasonable doubt that on or about September 7, 2006, in Lee County, Alabama, in the Middle District of Alabama, the defendant, Alexis Ramon Herrera-Flores, being an alien, was found in the United States after having been deported subsequent to sustaining a conviction for commission of a felony offense, without obtaining the permission of the Secretary of Homeland Security or the Attorney General of the United States, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

3. The United States has proved beyond a reasonable doubt that on or about September 8, 2006, in Lee County, Alabama, in the Middle District of Alabama, the defendant, Alexis Ramon Herrera-Flores, did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of Title 18, United States Code, Section 1001(a)(2).

4. The defendant has proved by clear and convincing evidence that, at the time of the commission of the acts constituting the aforementioned offenses, he suffered from a severe mental disease or defect which rendered him unable to appreciate the nature, quality and the wrongfulness of his acts, and has thereby established the affirmative defense of insanity pursuant to 18 U.S.C. § 17.

5. Therefore, the court finds the defendant, Alexis Ramon Herrera-Flores, not guilty of the charges contained in the Indictment, but only by reason of insanity.

## Order

In accordance with Title 18, United States Code, Section 4243, e*t seq*:

IT IS HEREBY ORDERED that the defendant, Alexis Ramon Herrera-Flores, shall be committed to a Federal Medical Center for the Federal Bureau of Prisons, pursuant to Title 18, United States Code, Section 4243(a), so that he can be evaluated in accordance with Title 18, United States Code, Section 4243(b), to determine whether his release would create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect.  The defendant is committed for such examination for a reasonable period not to exceed forty-five (45) days, to be counted from the day of the defendant's arrival at the designated institution.

IT IS FURTHER ORDERED that the examiner conducting the psychiatric or psychological examination of the defendant shall submit a written report comporting with Title 18, United States Code, Sections 4247(c)(1)-(3) and (4)(C) within 60 days from the date of the defendant's arrival at the institution.   This report shall be filed with the court with copies provided to counsel for the defendant, and to the Assistant United States Attorney of record in this cause.

A hearing will be conducted in this cause in accordance with the provisions of Title 18, United States Code, § 4247(d), on May 11, 2009, which is not later than forty days following the special verdict, as required by 18 U.S.C. 4243(d).  The hearing will be conducted at 10:00 a.m. in District Courtroom 2-C, Frank M. Johnson, Jr. United States Courthouse Complex, One

Church Street, Montgomery, Alabama.

    Done this 1st day of April, 2009.

                                       /s/ W. Harold Albritton
                                    W. HAROLD ALBRITTON
                                    SENIOR UNITED STATES DISTRICT JUDGE